IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
C.A. No.: 4:18-cv-192

CAROL MELVIN,

Plaintiff,

vs.

AT&T UMBRELLA BENEFIT PLAN NO. 1,

Defendant.

_____

# COMPLAINT

### Preliminary Statement

Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132(a)(1)(B) to seek entitlement and payment of short term and long term disability (STD) benefits under a self-funded short term and long term disability policy issued by the AT&T Mobility Disability Benefits Program.

### Parties

1. Plaintiff is a citizen and resident of Hope Mills, North Carolina which is in Cumberland County.

2. Defendant is a self-funded benefit plan organized and existing pursuant to 29 U.S.C.S. § 1132. Upon information and belief, Defendant is an employee benefit plan providing benefits for the employees of AT&T Mobility Disability Benefits Program.

### Jurisdiction and Venue

3. In this matter, Plaintiff seeks short term and long term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B). This Court has jurisdiction to hear this

matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

4. Venue in the Eastern District of North Carolina is appropriate by virtue of Plaintiff's residence and Defendant's presence and doing business in this District.

**Factual Allegations**

5. Until August 2017, Plaintiff was employed with AT&T, and as an employee of AT&T Plaintiff was provided with short term and long term disability coverage via plans which were fully funded by AT&T.

6. Plaintiff became disabled because of certain problems from which she suffered. Plaintiff was forced to cease working and she filed a claim for STD benefits.

7. Plaintiff appealed the denial and fully exhausted administrative remedies on the STD claim. Plaintiff, by and through counsel, inquired of Defendant as to what steps she needed to take to file a LTD claim. Defendant advised that the STD claim, if approved, automatically "rolls over" into the LTD claim. The Defendant's denial of Plaintiff's claim for STD benefits was also effectively a denial of Plaintiff's claim for LTD. The definitions of "disability" in both the STD and LTD plan documents are the same. It is futile for Plaintiff to further pursue her LTD claim in light of the denial of her STD claim as a determination of disability during the STD period is a necessary prerequisite to Plaintiff drawing LTD benefits and because Plaintiff has the same disabling condition which is the basis for both the STD and LTD claims. In denying Plaintiff's STD claim Defendant also denied Plaintiff's LTD claim. Therefore, Plaintiff's STD and LTD claims are appropriately before the court, as Plaintiff has exhausted administrative remedies on both claims and/or further attempts to exhaust administrative remedies on the LTD are futile.

### For a First Cause of Action
### For Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)

8. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

9. Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the STD and LTD benefits which she seeks under the terms of the plans. In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claims for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for:

1. A declaration of entitlement to the short term and long term disability benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B);

3. Attorney's fees and costs pursuant to 29 U.S.C. §1132(g); and

4. Such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

                                                         s/M. Leila Louzri_____
                                                         M. Leila Louzri, Esq.
                                                         North Bar #: 48743
                                                         **FOSTER LAW FIRM, LLC**
                                                         Post Office Box 2123
                                                         Greenville, South Carolina 29602
                                                         (864) 242-6200
                                                         (864) 233-0290 (facsimile)
                                                         E-mail:        llouzri@fosterfoster.com

Date: November 27, 2018                   Attorneys for Plaintiff